James D. Hopkins, J.
An arbitration award has been made. The petitioner moves to confirm the award; the respondent *22 cross-moves to set aside the award. The questions presented arise from the grounds asserted in support of the cross motion.
1. The respondent urges that the majority arbitrators exceeded their power under the arbitration clause of the contract. The respondent was engaged as general contractor in the construction of a moderate rental housing project in Stamford, Connecticut. The petitioner was the subcontractor for the excavation, filling and grading work called for under the general contract. The subcontract provided in part that “ [I]n the event the Contractor and Subcontractor fail to agree in relation to any matter pertaining to this Agreement, the matter shall be referred to a Board of Arbitration ”; the subcontract further provided in part that “ [A] 11 disputes, controversies, or claims of any and all kinds which may arise out of, under, or in relation to this Agreement shall be submitted to and settled by arbitration as provided herein.”
The majority arbitrators have made an award in favor of the petitioner in the sum of $2,430.98, representing the reasonable price and value of work performed by the petitioner at the request of the respondent not within the scope of the subcontract. This, the respondent submits, was beyond their power, because the terms of the general contract (incorporated by reference in the subcontract) made provision for the method of computation of extra work (Civ. Prae. Act, § 1462, subd. 4).
. We entertain no doubt that the question of extra work considered by the arbitrators was encompassed within the broad terms of the arbitration clause, since it was a ‘ ‘ matter pertaining ” to the subcontract, and a “ dispute [s], controvers [y] or claim [s] * * * aris [ing] out of, under, or in relation ” to the subcontract (De Lillo Constr. Co. v. Lizza & Sons, 7 N Y 2d 102; Matter of Terminal Auxiliar Maritima, S. A. [Winkler Credit Corp.], 6 N Y 2d 294; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76). Even if the claim arbitrated did not fall within the spectrum of the arbitration clause, the respondent waived the defect by proceeding with the arbitration and participating in the hearings (Matter of Staklinshi [Pyramid Elec. Co.], 6 AD 2d 565, affd. 6 N Y 2d 159).
The respondent does not so much attack the jurisdiction of the arbitrators to determine the claim as it does their jurisdiction to compute the award in the form of compensation measured by the reasonable value of the work done. It contends that the general contract provided for extras to be determined by either (1) written agreement as to fixed amount; (2) multiplying the unit prices stated in the general contract by the units of work performed; or (3) written agreement for the *23 extras at cost plus overhead and profit, subject to a minimum; and that as concededly no written agreement was made for the extra work, the arbitrators were bound to use the unit prices stated, citing Matter of Stange v. Thompson-Starrett Co. (261 N. Y. 37). In that case an award was set aside, because the arbitrators did not apply the unit prices in the contract in making an award for work done. The court reasoned that the arbitration clause therein required that the dispute refer to a clause in the contract; hence, the party seeking arbitration could not at the same time claim that the work done by it lay outside the contract and, therefore, not governed by the unit prices in the contract, and also claim that arbitration of the dispute was appropriate.
Here the arbitration clause is wider in scope; it includes “ any matter pertaining ” to the subcontract, and any “ dispute # * * which may arise out of, under, or in relation ’ ’ to the subcontract. Consequently, the arbitration might fairly concern work outside the subcontract, as a dispute arising out, under, or in relation to the subcontract. The petitioner is not caught in the dilemma posed in Stange, and is not bound by the holding therein.
Moreover, the arbitrators may not be questioned for an error of law or fact occurring in the award (Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 400; Matter of Wilkins, 169 N. Y. 494, 496; see discussion of Matter of Stange v. Thompson-Starrett Co., 261 N. Y. 37, supra, in Matter of Delma Eng. Corp. [Johnson Contr. Corp.], 267 App. Div. 410, 415, affd. 293 N. Y. 653). Thus, it was a matter for them to decide, as a question both of law and fact, whether the unit price clause in the general contract controlled the cost of extra work not ordered by the Housing Authority, but in dispute between the petitioner and respondent.
For these reasons the award may not be set aside on the ground submitted.
2. The respondent further argues that the majority arbitrators refused to receive two photographs which were material and germane (Civ. Prac. Act, § 1462, subd. 3). The photographs purport to represent the site of the subcontract at a certain stage of the work. The papers submitted do not include the record before the arbitrators.
Whether the ruling excluding the photographs was correct or incorrect cannot be decided without the record. At the most, the question relates to an alleged error of judgment, which, in general, may not be the subject of attack in an arbitration proceeding (Matter of John Post Constr. Corp. [Good Humor *24 Corp.], 9 Misc 2d 392, affd. 6 A D 2d 684; cf. Matter of Juilliard & Co. [Baitch & Castaldi, Inc.], 2 Misc 2d 753).
3. The respondent also contends that a delay of almost three years in the making of the award after the last hearing invalidates the award.
The statute provides no time limit for a decision in an arbitration proceeding, unless the parties have so stipulated in their contract (Civ. Prac. Act, § 1460); there is no such limit stipulated here. We have found no decisions in this State vacating an award on account of delay in the making of the award. One authority holds that delay is not fatal, in the absence of a fixed time limit (6 C. J. S., Arbitration and Award, § 78, par. b, p. 218).
Nor does the statute provide that a delay in the making of an award shall be a ground for vacating an award (Civ. Prac. Act, §§ 1462, 1462-a). The parties are bound by the statutory provisions (Matter of Bond v. Shubert, 264 App. Div. 484, 491, affd. 290 N. Y. 901; Donato v. American Locomotive Co., 279 App. Div. 545, 549). The award may not, therefore, be set aside on this ground.
4. Lastly, the respondent claims that the award must be set aside because the fees and expenses are charged to it. Here it is clear that the award violates the terms of the contract, which recites that “ [E]ach party hereto shall pay one-half of the expense of such arbitration.” The award is modified accordingly (Civ. Prac. Act, § 1462-a). The award states that four days were spent by the arbitrators upon the arbitration; there are no facts showing otherwise.