501 A.2d 480

Philip G. **BERNARD**

v.

**Ira F. KUHN, Jr.**

**No. 393, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Dec. 12, 1985.

**558**

William D. Outman, II (Thomas J. Egan, Jr., Allen D. Webber and Baker & McKenzie on brief), Washington, D.C., for appellant.

Deborah M. Beers (Silverstein & Mullens on brief), Washington, D.C., for appellee.

Argued before BISHOP and ROBERT M. BELL, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

The Maryland Uniform Arbitration Act, Courts and Judicial Proceedings Article, Section 3–223(b)(2), authorizes a cause of action for modification or correction of an award where the Arbitrator has decided an issue not submitted to him, providing that the modification or correction does not affect the merits of the decision upon the issues submitted. The central issue in this case, therefore, is whether the costs of the arbitration, including all attorney's fees and other expenses incurred, were submitted to the Arbitrator as an issue to be decided by him. The Circuit Court for Montgomery County decided that the question of costs had been submitted to the Arbitrator; for the reasons expressed herein, we disagree.

In July, 1979, Philip G. Bernard, the appellant, and Ira F. Kuhn, Jr., the appellee, entered into a Shareholder's Agree-

ment whereby Kuhn agreed to sell and Bernard agreed to purchase 1600 shares of stock in a company referred to as "B–K Dynamics." Kuhn also received a right of first refusal to purchase from Bernard 10,200 shares of the company stock upon the occurrence of certain specified events.

The Shareholder's Agreement included an arbitration clause which provided in paragraph 12 for binding arbitration and:

"The cost of said arbitration, including all reasonable attorney's fees and other proper expenses incident thereto incurred by the winning party, will be borne by the losing party relative to said arbitration, and this fact will be reflected in the arbitrator's decision."

A dispute between Kuhn and Bernard developed as to whether the tender of an offer by a third party to buy company stock triggered Kuhn's right of first refusal to acquire the 10,200 shares owned by Bernard. In his demand for arbitration of this issue, Kuhn described the dispute as follows:

"The written contract requires Mr. Bernard to sell 10,200 shares of the Class A stock of B–K Dynamics, Inc., owned by Mr. Bernard to claimant at a price of $17.77 per share. Mr. Bernard has refused to sell the 10,200 shares to claimant as required by the written contract."

The demand for arbitration does not mention the allocation of costs and fees as an issue to be decided.

Prior to the commencement of the arbitration hearing, the parties agreed to a Compensation Stipulation providing that the arbitrator shall include in the award an allocation of the costs of compensating the arbitrator as he shall direct. By addendum, the parties agreed that the arbitrator would direct payment of the arbitrator's fee in accordance with paragraph 12 of the Agreement which, as we pointed out earlier, provided for payment of fees and costs by the loser.

As a result of the decision rendered by the arbitrator in June, 1984, Kuhn was the loser in that his demand for a

transfer of 10,200 shares of Bernard's stock was denied. The arbitrator ordered Kuhn and Bernard to share the cost of his fee including the other fees and expenses incurred. Each party was further ordered to pay his own legal fees.

In his award the arbitrator discussed an amendment of the Shareholder's Agreement adopted by the parties during the course of the hearing. The amendment provided that Bernard would not vote his shares of B–K in favor of any proposal to increase the shares of B–K without Kuhn's consent.[1] The appellee, Kuhn, seizes upon the amendment as evidence that each party gained something and, therefore, there was no loser upon whom all the costs could be saddled.

Bernard filed an Application to Modify the Award pursuant to Sec. 3–322 alleging that the costs and fees were not a matter submitted for arbitration and the division of costs was contrary to paragraph 12 of the Shareholder's Agreement. Upon denial of his application, Bernard filed a similar petition with the Circuit Court for Montgomery County in accordance with Sec. 3–323(b)(2) of the Act. Again, he came up short when that court held that he did not state a claim upon which relief can be granted. Specifically, the trial court stated that the exhibits, particularly the Compensation Stipulation, demonstrated that the arbitrator's renumeration, costs and counsel fees were submitted for arbitration.

Section 3–221 of the Act, relating to expenses and fees, states:

(a) *Arbitrators*—Unless the arbiration agreement provides otherwise, the award shall provide for payment of the arbitrator's expenses, fees, and any other expenses incurred in the conduct of the arbitration.

---

**1.** We assume that Kuhn would become the majority stockholder if and when he acquires the 10,200 shares from Bernard.

(b) *Counsel fees*—Unless the arbitration agreement provides otherwise, the award may not include counsel fees.

The Shareholder's Agreement executed by the parties clearly sets forth that the entire costs of any arbitration initiated by either party were to be borne by the loser. Such a provision undoubtedly discourages either side from seeking to arbitrate frivolous issues. All that the arbitrator is directed to do with reference to costs is to compute the amount and assess the costs against the non-prevailing party. The function of the arbitrator in these circumstances is purely ministerial.

The Compensation Stipulation signed by the parties provided for compensation to be paid to the arbitrator as follows:

1. The Arbitrator (each arbitrator) in this proceeding shall be compensated for (his/her/their) services at the rate of $800.00 (for each arbitrator) per day of study and for a maximum of *3* day(s).

2. The undersigned parties shall bear the costs of such compensation (check only one) equally _____, or as directed by the Arbitrator(s) _/_ *, or other _____, specify: _____.

5. The Arbitrator(s) shall include in (his/her/their) Award a provision allocating the costs of Arbitrator Compensation as provided in paragraph 2 above.

Under paragraph 2 the parties herein placed a check mark and an asterisk as noted above. At the bottom of the page the following notation appears:

" *The Arbitrators Direction—Pursuant to Paragraph 12"

■ The trial court's conclusion that, as a matter of law, the parties empowered the arbitrator to make an independent determination of the allocation of costs and expenses flowing from the arbitration is incorrect for several reasons. Neither the Shareholders Agreement nor the Compensation Stipulation evidences the granting of such powers to the arbitrator. The latter instrument directs the arbitra-

tor to assess the costs pursuant to paragraph 12 of the Agreement, i.e., against the non-prevailing party. The effect of the trial court's ruling, furthermore, would render Section 3–221, governing arbitration costs and counsel fees, nugatory. Additionally, the issue submitted for arbitration related only to whether a third party offer to purchase stock triggered Kuhn's option to purchase 10,200 shares of stock from Bernard.

All that was before the arbitrator was an interpretation of the Shareholders Agreement relating to the option to purchase stock; the allocation of costs was neither disputed nor submitted to the arbitrator for resolution.

■ Appellees suggestion that each party benefited, thereby justifying apportionment of costs, is without merit. First, the agreement made during the arbitration, that Bernard would not vote in favor of the issuance of additional stock, was merely a restatement of the original intent of the parties to limit the number of authorized shares at 65,000. Neither party raised the issue of the number of shares being a disputed matter to be decided by the arbitrator. Clearly, Kuhn derives no additional benefit through the arbitration process. Second, the trial court did not grant the motion to dismiss on the basis of the agreement between the parties. After discussing the appellee's suggestion that the stock issue was submitted for arbitration by mutual consent, the trial court stated:

"This discussion of possibilities is of course academic in the light of the plaintiff's election to file for a modification rather than to vacate the award."

The argument that Kuhn was not a "loser", thereby justifying an allocation of costs, was not decided by the trial court. We decline to address the issue raised for the first time on appeal, Md.Rule 1085.

The trial judge acknowledged that by reference to paragraph 12 of the Agreement the parties made it clear that the payment of fees and expenses was to be directed by the arbitrator against the losing party. He concluded, never-

theless, that this award of fees and expenses was clearly a matter submitted to the arbitrator for consideration. Having reached that result, the trier of fact concluded that appellant's real complaint was that an incorrect award was made by the arbitrator which could have been challenged if "completely irrational," by a motion to vacate and not by motion for modification.

■ Section 3–223(d) provides that an application to modify or correct an award may be joined, in the alternative, with an application to vacate the award. Section 3–224 lists five separate grounds for vacating an award. Of the five, only number three could be applicable herein, i.e., "The arbitrators exceeded their powers." We need not decide whether appellant could have filed a motion to vacate, · because his motion to modify was proper. A successful motion to vacate would have nullified the award obtained by appellant on the single issue submitted for arbitration. The modification sought would not affect the merits of the decision upon the issues submitted. Appellant followed the precise formula set forth in Section 3–223(b)(2). We, therefore, disagree with the trial court's belief that a motion to vacate was the proper vehicle for appellant to follow. Had appellant sought to vacate the award, he would have placed himself in a classic "catch-22" situation.

The precise issue before us has not been considered by a Maryland appellate court. Other jurisdictions, however, have held that an arbitrator's failure to conform an award to the unambiguous requirements of an arbitration agreement is a proper basis for modification of the award. In *Application of Shapiro*, 197 Misc. 241, 97 N.Y.S.2d 644 (1949), the Appellate Division of the Supreme Court of New York held that:

> Under the provisions of the agreement, the fees and expenses of the arbitrators were required to be imposed on the unsuccessful party. The arbitrators had no power under the agreement to apportion the amount of those fees among the parties as they have undertaken to do.

The court may correct and modify the award to conform to the agreement.[2]

Likewise, in *Messina & Briante, Inc. v. Blitman Construction Co.*, 32 Misc.2d 21, 223 N.Y.S.2d 533 (1961), *aff'd.*, 19 A.D.2d 862, 245 N.Y.S.2d 985 (1963), the New York Court held that an arbitrator had no power to modify contractural terms requiring each party to pay one-half of the expenses of arbitration. The Court modified the award.

In *Agnew v. Lacey Co-Ply*, 33 Wash.App. 283, 654 P.2d 712 (1983), the underlying contract in the dispute provided that the prevailing party in arbitration "shall be entitled" to reasonable attorney's fees. Although Agnew was successful in the arbitration, the arbitrators did not award attorney's fees. The issues submitted for arbitration included claims and counterclaims arising from the sale, installation and payment for an industrial wood waste fired furnace which Agnew sold to Lacey. The arbitrators denied all of Lacey's claims. Agnew's motion to modify or correct the award to include attorney's fees was denied by the trial court.

The Washington statute on which Agnew relied is markedly similar to Cts. and Jud.Proc. Art. 3–223 regarding modification or correction of an arbitrator's award. Subsection 2 of the Washington Code, 7.04.170, mandates correction where the arbitrators have awarded on a matter not submitted to them. The Court of Appeals of Washington reversed the trial court stating:

"The attorney's fees clause stated that if either party undertook arbitration 'then the prevailing party shall be entitled to reasonable attorney's fees.' We do not believe that this language, agreed to by both parties *prior* to arbitration, gave the arbitrators discretion with regard to attorney's fees except for the amount of the award ... The question of whether or not attorney's fees should be

---

**2.** The substantive issues submitted to arbitration related to the performance of construction and grading work by the plaintiffs for the defendants.

awarded to the prevailing party was not an issue submitted to the tribunal for arbitration with the other claims and disputes; having already been decided by the parties by agreement, it was not arbitrable. To hold otherwise would require us to ignore the express language of a contract, something that courts may not do."

■ We think the holding of the Court in *Agnew* is applicable to the facts of the case *sub. judice.* To hold otherwise would undermine this highly favored method of resolving disputes if contracting parties perceived that contractual provisions mutually agreed upon could be ignored by the arbitration tribunal.

Judgment reversed. Case remanded to the Circuit Court for Montgomery County for the entry of an Order providing that the costs of the arbitration be determined by the Arbitrator pursuant to the provisions of paragraph 12 of the Shareholder's Agreement and that said sum be paid by the appellee herein.

Costs to be paid by appellee.