HOSPITAL EMPLOYEES, LOCAL 1273, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Plaintiff,

v.

DEATON HOSPITAL AND MEDICAL CENTER OF CHRIST LUTHERAN CHURCH, Defendant.

Civ. A. No. R–86–475.

United States District Court, D. Maryland.

Nov. 13, 1986.

John S. Singleton, Baltimore, Md., for plaintiff.

Jay R. Fries and Kathleen A. Talty, Law Offices of John G. Kruchko, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Before the Court are motions for summary judgment for both parties. The motions are fully briefed and responded to, and the Court now rules pursuant to Local Rule 6 (D.Md.1986).

Hospital Employees Local 1273 ("the union") brought this suit to enforce an arbitration award against Deaton Hospital and Medical Center ("the hospital"). The union and the hospital were parties to a collective bargaining agreement, effective November 11, 1984, to May 18, 1985, that called for binding arbitration of unresolved grievances. In accordance with that agreement, the union filed a grievance on March 15, 1985, alleging improper discharge of employee Edward Muse.

On May 15, 1985, two months after the grievance was filed, the hospital employees voted against having the union represent them in collective bargaining. On May 18, 1985, the collective bargaining agreement expired and was not renewed. On August 21, 1985, the National Labor Relations Board decertified the union.

■ Aware of all of these occurrences, arbitrator Joseph M. Sharnoff held a hearing on Mr. Muse's discharge on September 23, 1985. (The union indisputedly had the right to represent employees regarding pre-decertification grievances, even in arbitrations occurring after decertification. *United States Gypsum Co. v. United Steelworkers*, 384 F.2d 38, 44–48 (5th Cir. 1967), *cert. denied*, 389 U.S. 1042, 88 S.Ct. 783, 19 L.Ed.2d 832 (1968); *United Steelworkers v. Keystone Group*, 120 LRRM 2444, 2445 (S.D.Ind.1985); *Local 368, United Federation of Engineers v. Western Electric Co.*, 359 F.Supp. 651, 654 (D.N.J. 1973).) On December 9, 1985, the arbitrator issued his decision. He ordered Mr. Muse reinstated to his job and awarded him back pay.

The hospital failed to execute the arbitrator's award, and on February 11, 1986, the union filed this suit for enforcement of the award based on § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The hospital counterclaimed on March 10, 1986, seeking modification of the award on the grounds that the arbitrator ruled on a matter not before him when he ordered reinstatement of the grievant and back pay for the period following the expiration of the collective bargaining agreement.

For the reasons set forth below, this Court finds that the arbitrator's award must be modified to exclude both pay and reinstatement after the expiration of the contract.

We must first address the union's claims that the hospital waived its right to appeal the issue of the effect of the termination of the contract by not specifically addressing the question to the arbitrator and by appealing to this Court after the expiration of the thirty-day period allotted for a motion to vacate an arbitration award.

■ While it is true that failure to raise a question before the arbitrator will waive the right to appeal that question, *United Steelworkers v. Smoke–Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir.1981), it is not necessary that the question be formally submitted to the arbitrator. The intent to arbitrate an issue may be implied by the conduct of the parties. *International Chemical Workers Union, Local No. 566 v. Mobay Chemical Corp.*, 755 F.2d 1107, 1110 (4th Cir.1985). In this case, there is no dispute that the arbitrator knew of the expiration of the collective bargaining agreement and the decertification of the union. Arbitrator's Decision at 2. The question of remedy was presented to the arbitrator. While it certainly would have been preferable had the hospital argued explicitly at the arbitration that the expiration of the contract deprived the arbitrator of the power to award remedies for the period after expiration, that question was implicitly before the arbitrator.

■ Defendant filed its motion to modify the arbitrator's judgment under 29 U.S.C. § 185. Since § 185 sets no time limit of its own, we must look to the time limits set by the most analogous state statute. Mary-

land Courts and Judicial Procedure Code § 3–223 provides 90 days for parties to file to modify an arbitrator's award. As the defendant does not challenge the award of back pay for the period prior to the expiration of the collective bargaining agreement, § 3–223, Correction or modification of award by court, would appear to apply to this situation rather than § 3–224, Vacating award. The Court notes that § 3–223(d) applies the 90–day period to a joint application to modify or, in the alternative, to vacate an award. Defendant's motion was thus timely filed. *See Bernard v. Kuhn*, 65 Md.App. 557, 564, 501 A.2d 480 (1985).

We thus reach the merits of the enforceability of the portion of the arbitrator's award that orders reinstatement and back pay beyond the expiration of the collective bargaining agreement.

 The arbitrator had no power to adjudicate grievances that occurred beyond the period of the contract. While he could have awarded reinstatement during the period of the contract, such reinstatement would not have guaranteed Mr. Muse "perpetual job security." *International Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 45–46 (2d Cir.1985). After the expiration of the contract, Muse could have been terminated at any time as an employee-at-will. Thus the arbitrator had no power to order any remedies beyond back pay for the period before the contract expired on May 18, 1985. *Miscellaneous Drivers & Helpers Local Union No. 610 v. VDA Moving & Storage, Inc.*, 447 F.Supp. 439, 443 (E.D. Mo.1978); *United Steelworkers v. Overly Mfg. Co.*, 438 F.Supp. 922 (W.D.Pa.1977).

Accordingly, for the reasons stated herein, it is this 13th day of November, 1986, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion for summary judgment is GRANTED;

2. That plaintiff's motion for summary judgment is DENIED;

3. That the arbitrator's award is modified so as to award only back pay and interest for the period before May 18, 1985, and no reinstatement; and

4. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.