626 A.2d 972

**MOTOR VEHICLE ADMINISTRATION**

v.

**James R. VERMEERSCH.**

**No. 51, Sept. Term, 1993.**

Court of Appeals of Maryland.

June 30, 1993.

Hillel Traub, Asst. Atty. Gen., Glen Burnie, and J. Joseph Curran, Jr., Atty. Gen., Baltimore, for petitioner.

Findlay McCool, Elkton, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ.

PER CURIAM.

The issue here presented is whether a person who refused to take a test of his breath to determine alcohol concentration may avoid the mandatory sanctions prescribed by Maryland's Implied Consent Statute by subsequently tak-

ing a blood test and permitting the results of that test to be used against him at a trial for driving while intoxicated or under the influence of alcohol. We shall hold that he or she may not.

Having stopped the respondent, James R. Vermeersch, on probable cause and having reasonable grounds to believe that he was driving while intoxicated or under the influence of alcohol, Maryland State Trooper Christopher E. Finn detained him and asked that he submit to a breath test for alcohol concentration. Maryland Code (1977, 1992 Repl.Vol.) § 16–205.1(b)(2)(i) and (ii) of the Transportation Article. As he was required to do, the trooper also advised the respondent "of the administrative sanctions that shall be imposed for refusal to take the test and for test results indicating an alcohol concentration of 0.10 or more at the time of testing," § 16–205.-1(b)(2)(iii); *Motor Vehicle Administration v. Chamberlain,* 326 Md. 306, 316–17, 604 A.2d 919, 923–24 (1992), *i.e.,* the consequences of refusal as enumerated in subsection (b)(1):

> for a refusal to take the test, the Administration shall suspend the driver's license for 120 days or one year, depending upon whether it is a first or subsequent offense, and for failing the test, *i.e.,* the results reflect an alcohol concentration of 0.10 or more, it shall suspend the driver's license for 45 days or 90 days, again depending upon whether it is a first or subsequent offense.

*Id.* at 316, 604 A.2d at 923–924.

The respondent refused the test and requested a hearing to show cause why his license should not be suspended for doing so.[1]

The respondent conceded at the show cause hearing that, when stopped by Trooper Finn, he had consumed alcohol, that

---

1. Maryland Code (1977, 1992 Repl.Vol.) § 16–205.1(b)(3) addresses what occurs when a person refuses the test or fails the test. The officer is required to confiscate the driver's license, serve an order of suspension on the person, issue a temporary license to drive for 45 days, and inform the person among other things, of the right to request a hearing to show cause why his or her driver's license should not be suspended.

Trooper Finn advised him of the administrative sanctions for refusing to take a breath test, and that he refused to take the breath test. *See* § 16–205.1(b)(7)(i). He maintained, nevertheless, that he substantially complied with the Maryland Implied Consent Statute. The respondent proffered, through counsel, that, after refusing the breath test, he subsequently took, within minutes after the expiration of the two hour time period prescribed for alcohol concentration testing, *see* Maryland Code (1974, 1989 Repl.Vol., 1992 Cum.Supp.) § 10–303(a)(2) of the Courts and Judicial Proceedings Article,[2] a blood test for alcohol concentration. The results of that test, the respondent points out, were used at his trial for driving while intoxicated or under the influence of alcohol and contributed to his conviction of the latter offense. Neither at the administrative hearing nor at the circuit court were records of the blood test, including the results, offered in evidence. The administrative law judge rejected the substantial compliance argument and ordered the respondent's driver's license suspended for 120 days pursuant to section 16–205.1(b)(1).

The Circuit Court for Cecil County reversed. It found that the respondent had substantially complied with the Implied Consent Statute, noting that "as a practical matter [the respondent] did what needed to be done, and it was used by the court to convict him, and in fairness he shouldn't be punished for that." The court also said:

> I may be wrong, technically wrong, but I think, just as an important part of my job up here is to see that the technical part of the law is obeyed, it's important to see that something's done that's fair.

> The State certainly was not prejudiced by this. The blood test, although not the way it was supposed to be done, is accurate. It comes within the exception, but it's still accurate. The State was able to use it, and did use it in

---

**2.** That section provides that "[f]or the purpose of a test for determining alcohol concentration, the specimen of breath or blood shall be taken within 2 hours after the person accused is apprehended."

rendering a fair decision in the District Court, and I think it's just as fair that it's going to be used with the other. You know, every rule has its exceptions, and to me fairness is one of the exceptions, when it's possible.

I'm just going to rule that he complied, took the test. I'm going to reverse the decision of the DMV.

The Motor Vehicle Administration filed a petition for certiorari, which we granted. We now summarily reverse the judgment of the circuit court.

■ What is penalized by section 16–205.1(b) of the Maryland Implied Consent Statute is the failure or refusal to take the test for alcohol concentration prescribed by section 10–305 of the Courts & Judicial Proceedings Article and regulated by sections 10–303 and 10–304 of that same article. *See* § 16–205.1(a)(2). Section 10–305 provides:

(a) *Alcohol content.*—The type of test administered to the defendant to determine alcohol concentration shall be the test of breath except that the test of blood shall be the type of test administered if:

(1) The defendant is unconscious or otherwise incapable of refusing to take a test to determine alcohol concentration;

(2) Injuries to the defendant require removal of the defendant to a medical facility; or

(3) The equipment for administering the test of breath is not available.

The specimen of breath or blood, for purposes of measuring alcohol concentration, is required, by section 10–303(a)(2), to be taken within two hours after the person accused is apprehended. Section 10–304(b) and (c) requires the person administering the test, whether of breath or of blood, to be qualified and the equipment used to be approved by a toxicologist under the Postmortem Examiners' Commission. A breath test must be conducted at the direction of the police officer and a blood test, at the request of a police officer. *Id.* To be sure, section 10–304(e) [3] permits a driver to have an alcohol concentration

---

3. Section 10–304(e) provides, in pertinent part:

test performed by a physician of his or her choosing and we have also so held. *See Brosan v. Cochran*, 307 Md. 662, 673–74, 516 A.2d 970, 976 (1986) (face-to-face consultation between an attorney and client and administration of a private test for alcohol concentration by the attorney is permitted so long as it did not interfere with the State's testing process). Such tests are in addition to, not in lieu of, the test contemplated by the Implied Consent Statute.

■ A test for alcohol concentration is refused when the driver, after having been advised pursuant to section 16–205.1(b), declines the officer's request to submit to the test. The officer, by sworn statement, is required to report that fact, among others, to the Administration within 72 hours after the refusal. Section 16–205.1(b)(3)(vii). The sworn statement is prima facie evidence of refusal at the hearing to show cause why the driver's license should not be suspended for a test refusal. Section 16–205.1(f)(7)(ii). Thus, a refusal to take an alcohol concentration test is not vitiated by the fact that the driver takes a test within minutes of the expiration of the two hour time period and permits the results to be used at his trial for driving under the influence of alcohol. The act of refusal is complete at the moment that it was communicated to the officer.

If respondent is correct, the Implied Consent Statute would be of limited effectiveness; a driver who refuses to take a breath test could nevertheless substantially comply with the statute and thus avoid its consequences, simply by subsequently obtaining an independent blood test. Such a result is wholly inconsistent with the legislative policy underlying the Implied Consent Statute.

---

[T]he person tested is permitted to have a physician of the person's own choosing administer tests in addition to the one administered at the direction of the police officer, and in the event no test is offered or requested by the police officer, the person may request, and the officer shall have administered, one or more of the tests provided for in this section.

■ A statute is to be construed reasonably and with reference to the Legislature's purpose, aim or policy as reflected in that statute. *Motor Vehicle Administration v. Shrader*, 324 Md. 454, 463, 597 A.2d 939, 943 (1991), quoting *Kaczorowski v. City of Baltimore*, 309 Md. 505, 514, 525 A.2d 628, 632 (1987). In that case, we noted that this Court has:

> consistently recognized that the statutory provisions enacted to enforce the State's fight against drunken driving, namely Md.Code (1989, 1991 Cum.Supp.), § 10–302–309 of the Courts and Judicial Proceedings Article § 16–205.1 of the Transportation Article, were enacted for the protection of the public and not primarily for the protection of the accused.

*Id.* 324 Md. at 464, 597 A.2d at 943–44, quoting *State v. Moon*, 291 Md. 463, 477, 436 A.2d 420, 427 (1981). *See State v. Werkheiser*, 299 Md. 529, 536–37, 474 A.2d 898, 902 (1984). One of the methods the Legislature chose to accomplish that purpose was to provide an incentive for drivers detained under suspicion of drunk driving to take, rather than refuse, a test for alcohol concentration. *Shrader*, 324 Md. at 464, 597 A.2d at 944. *Chamberlain*, 326 Md. at 313, 604 A.2d at 922. This was sought to be accomplished by providing a sanction—*i.e.*, "an outcome that is certain to happen," *Chamberlain*, 326 Md. at 320, 604 A.2d at 925—significantly more severe for refusal than for taking and failing the test.

The Legislature contemplated not only that, "[t]he suspension of the driver's license must occur whenever the statutory prerequisites have been met, § 16–205.1(f)(8)(v)," but that the sanction applicable to the option the driver chose also occur. Unless that scheme continues to obtain, fulfillment of the legislative purpose cannot be assured.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR CECIL COUNTY WITH DIRECTION TO ENTER JUDGMENT IN FAVOR OF THE MOTOR VEHICLE ADMINISTRATION.

COSTS TO BE PAID BY THE PETITIONER.