687 A.2d 256

**BIRKEY DESIGN GROUP, INC., et al.**

v.

**EGLE NURSING HOME, INC.**

No. 409, Sept. Term, 1996.

Court of Special Appeals of Maryland.

Jan. 3, 1997.

J. Mitchell Kearney (Miles & Stockbridge on the brief), Towson, for Appellants.

Francis R. Laws (Randi A. Klein and Kollman & Sheehan, P.A. on the brief), Baltimore, for Appellee.

Argued before FISCHER, HARRELL and THIEME, JJ.

THIEME, Judge.

Birkey Design Group, Inc. (Birkey), appeals from an order of the Circuit Court for Allegany County (Sharer, J., presiding) confirming an arbitrator's award entered in favor of Egle Nursing Home, Inc. (Egle) in its contractual dispute with Birkey. Birkey's challenge to that judgment arises under the following circumstances.

## I.

Birkey and Egle contracted for architectural services for the design and construction of an addition to Egle's nursing home, as well as renovations to the existing structure.[1] The contract contained a provision requiring arbitration of all claims, disputes, and other matters arising out of the contract. It contained no provision that allowed for an award of attorney's fees to the prevailing party in arbitration.

Disputes between the parties resulted in several lawsuits. Birkey filed a Petition to Establish and Enforce a Mechanic's Lien against Egle in the amount of the unpaid balance of the contract. Egle answered and counterclaimed that Birkey failed adequately to supervise construction, failed to represent the owners' interests, and failed to prepare proper and sufficient plans, specifications, and designs for construction of the building. The circuit court granted Birkey's motion to compel arbitration. At arbitration, Egle sought damages of $287,-560.11 and attorney's fees of $80,270.72.

---

1. A third party, Hensel Associates, Inc., was an appellant in this appeal, but dismissed its appeal prior to our review.

The arbitrator, without elaboration, ordered Birkey to pay Egle $80,270.00. Eschewing an application to the arbitrator to correct, modify, or clarify his award, Birkey filed in the Circuit Court for Allegany County a petition to vacate the arbitration award. The circuit court confirmed the arbitrator's award in its entirety. In a timely appeal from that order, Birkey raises the following question for our review:

Did the circuit court's refusal to vacate the arbitrator's award constitute reversible error?

For the reasons stated below, we shall affirm the circuit court's judgment.

## II.

Arbitration is an informal, expeditious, and inexpensive alternative to conventional litigation. *Marsh v. Loffler Housing Corp.*, 102 Md.App. 116, 124, 648 A.2d 1081 (1994). Arbitration eases the burden on clogged court dockets; it offers parties an opportunity to submit disputes to one experienced in that field of business. *Snyder v. Berliner Constr.*, 79 Md.App. 29, 34, 555 A.2d 523, *cert. denied*, 316 Md. 550, 560 A.2d 1118 (1989). Furthermore, arbitration originates from an agreement between the parties as to how and in what forum the parties will settle their disputes. *Bel Pre Medical Ctr. v. Frederick Contractors, Inc.*, 21 Md.App. 307, 315, 320 A.2d 558 (1974), *rev'd on other grounds*, 274 Md. 307, 334 A.2d 526 (1975). For these reasons, arbitration is encouraged; accordingly, the scope of judicial review of an arbitrator's award is limited. *Marsh*, 102 Md.App. at 124, 648 A.2d 1081.

Under the Maryland Uniform Arbitration Act, an arbitrator's award will only be vacated for any one of the following five reasons:

(1) An award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3–213, as to prejudice substantially the rights of a party; or ·

(5) There was no arbitration agreement as described in § 3–206, the issue was not adversely determined in proceedings under § 3–208, and the party did not participate in the arbitration hearing without raising the objection.

Md.Code Ann., Cts. & Jud. Proc. § 3–224(b) (1995).

### III.

■ Birkey contends the award should be vacated because the arbitrator exceeded his power. At arbitration, Egle requested $287,560.11 in damages and $82,270.72 in attorney's fees; Egle was awarded $82,270.00. Birkey argues the award was compensation for attorney's fees. Its view is stated more colorfully in Birkey's brief: "While the arbitrator did not expressly identify the award as attorney's fees, simple logic, and a hearty disregard for cosmic coincidence is all that is needed to reach this conclusion."

■ Attorney's fees are not recoverable unless a statute or contract provision provided for the award. *Marsh*, 102 Md. App. at 125, 648 A.2d 1081. The Maryland Uniform Arbitration Act reads, in pertinent part:

*(b) Counsel fees.* —— Unless the arbitration agreement provides otherwise, the award may not include counsel fees.

Md.Code Ann., Cts. & Jud. Proc. § 3–221(b) (1995).

Since the contract in the instant case did not provide for attorney's fees, the arbitrator exceeded his power if the award included attorney's fees. We are, however, unwilling to assume the award was compensation for attorney's fees.

■ Before an award can be vacated on the ground that an arbitrator exceeded his authority, the record must objec-

tively disclose that the arbitrator exceeded that authority in some respect. *See Marsh,* 102 Md.App. at 128–136, 648 A.2d 1081. If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced. *Graceman v. Goldstein,* 93 Md.App. 658, 675, 613 A.2d 1049 (1992), *cert. denied,* 329 Md. 336, 619 A.2d 546 (1993). "This remains so even if the basis for the arbitrator's decision is ambiguous . . . ." *Id.* Judicial deference is appropriate unless the arbitrator's award actually violated the law or any explicit, well-defined and dominant public policy. *Id.* at 676, 613 A.2d 1049.

In this case, the arbitrator evidently did nothing wrong. The arbitrator was not obligated to explain his award. *See* CJ § 3–219(a). It is not this Court's function to speculate about the arbitrator's thought process when making an award. Appellate discipline mandates we give deference to the decision of the arbitrator. The possible combinations of actual damages that amount to $82,270.00 are infinite. Since it is possible that the award comprised damages rather than attorney's fees, we must assume the arbitrator acted properly.

Birkey cites several out-of-state cases in an attempt to prove an appellate court can determine, from the record, that ambiguous arbitrator's awards include attorney's fees. Only two of those cases are relevant. In the first case, the plaintiff at arbitration requested $619,486.03 in damages and $275,-926.42 in attorney's fees. *G.L. Wilson Building Co. v. Thorneburg Hosiery Co.,* 85 N.C.App. 684, 355 S.E.2d 815 , *cert. denied,* 320 N.C. 798, 361 S.E.2d 75 (1987). The arbitrator's award was $656,050.93. *Id.* 355 S.E.2d at 818. The award obviously included attorney's fees because the award exceeded the request of damages. *G.L. Wilson* is therefore unpersuasive in deciding the case *sub judice* because the arbitrator's award in the instant case could have been derived solely from damages.

In the second case, it was unclear whether the arbitrator's award included attorney's fees. *Hughes & Peden, Inc. v. Budd Contracting,* 193 Ga.App. 656, 388 S.E.2d 753 (1989),

*overruled on other grounds by Hope & Assoc. v. Marvin M. Black Co.,* 205 Ga.App. 561, 422 S.E.2d 918 (1992). The losing party at arbitration requested a clarification of the ruling. *Id.* 388 S.E.2d at 754. Upon a request for clarification, the arbitrator admitted the award included attorney's fees. *Id.* *Hughes* is distinguishable from the case *sub judice* because the losing party in *Hughes* sought clarification of the award to determine if attorney's fees were included. Birkey should have similarly sought clarification, but, instead, assumed the award was for attorney's fees.[2] Birkey's failure to seek clarification waived its right to argue the issue on appeal.

## IV.

The Maryland Uniform Arbitration Act reads, in pertinent part:

(a) *Application.* —— A party may apply to the arbitrators to modify or correct an award within twenty days after delivery of the award to the applicant.

. . . . .

(c) *Grounds for modification.* —— The arbitrators may modify or correct an award:

. . . . .

(2) for the purpose of clarity.

CJ § 3–222. By filing a petition under this section, Birkey could have obtained a clarification of the arbitrator's award. Clarification of the award most likely would have rendered this appeal unnecessary: if the arbitrator stated the award was compensation for attorney's fees, the trial court would have vacated the award under CJ § 3–221(b); if the arbitrator explained how he arrived at the award without including attorney's fees, the issue would have been settled.

---

**2.** Birkey states its position in its brief, "[I]t was not necessary (or required) for Birkey to make inquiry of the arbitrator as to the basis of his award—it is obvious on its face that the award was intended as compensation to Egle for the requested attorneys' fees."

Birkey, however, stood mute, despite a statute providing for clarification. Birkey should not benefit from its conscious decision to forgo clarification of the award on the unreasonable expectation that it would obtain a favorable result from a clairvoyant appellate panel.

If this Court were to make a judicial determination as to whether or not the award was attorney's fees, it would expand judicial review. Arbitration should be subject to less judicial review. *Marsh,* 102 Md.App. at 124, 648 A.2d 1081. The goal in arbitration is to make an arbitration award the end, rather than the commencement, of litigation. *See Board of Educ. v. Prince George's County Educators' Ass'n,* 309 Md. 85, 98, 522 A.2d 931 (1987). We therefore find it contrary to the legislative purpose of arbitration as an inexpensive, expeditious, and final resolution of disputes to allow parties prematurely to submit their objections for appellate review.

Birkey's interpretation of CJ § 3–222(c)(2) is contrary to the legislature's goals of arbitration. Statutes are to be considered reasonably and with reference to the legislature's purpose, aim, or policy as reflected in the statute. *Motor Vehicle Admin. v. Vermeersch,* 331 Md. 188, 626 A.2d 972 (1993). When interpreting a statute, a court may take into account objectives and purpose of enactment. *ANA Towing, Inc. v. Prince George's County,* 314 Md. 711, 552 A.2d 1295 (1989). Courts may consider consequences that may result from one meaning rather than another, with real intent of the legislature prevailing over literal intent. *Baltimore County Coalition Against Unfair Taxes v. Baltimore County,* 321 Md. 184, 582 A.2d 510 (1989).

Under Birkey's view, the losing party at arbitration could circumvent ascertaining the arbitrator's true intentions by asking an appellate court to speculate as to the arbitrator's intent. A losing party would probably prefer that an appellate court examine the award rather than the arbitrator who ruled against him. We think this interpretation is inapposite of the legislative goals of arbitration.

Our interpretation, however, furthers the legislative goal of an expeditious and final resolution through arbitration by focusing resolution at the lowest level. This prevents unnecessary review; it makes arbitration faster, less expensive, and gives an award more finality. Case law also supports our position.

> It is well-established that parties to an arbitration waive their objections to arbitrator bias or other allegedly improper behavior by the arbitrator if, knowing of the alleged, biased, or improper conduct, they do not object to it prior to the arbitration award when there is still an opportunity to rectify the alleged errors.

*Graceman v. Goldstein*, 93 Md.App. 658, 671, 613 A.2d 1049 (1992).

The trial court rejected this argument because it felt the holding of *Graceman* was limited to the improper conduct of the arbitrator (*i.e.*, bias) not objected to during the course of arbitration. We agree with the trial court that *Graceman* speaks in the context of arbitrator bias. The rationale of *Graceman* was, however, to ensure that parties voice their objections at a time when they can be dealt with by the arbitrator. *Id.* at 671, 613 A.2d 1049.

The rationale under the circumstances present here has equal justification in requiring parties to seek clarification of an award before raising the issue on appeal. The purpose of arbitration is to ensure an informal, fast, and inexpensive alternative to litigation. These goals are achieved by requiring parties to attempt to resolve the situation during, or immediately after, arbitration.

Actions at law also follow the principle that parties cannot raise an issue on appeal without attempting to resolve it at trial. A party must make known to the court his objection to a ruling at the time when the ruling is made. *Fowler v. Benton*, 229 Md. 571, 185 A.2d 344 (1962), *cert. denied*, 375 U.S. 845, 84 S.Ct. 98, 11 L.Ed.2d 72 (1963). Failure to object at trial is regarded as a waiver estopping the party from obtaining review of that point on appeal. *Kovacs v. Kovacs*,

98 Md.App. 289, 633 A.2d 425 (1993), *cert. denied,* 334 Md. 211, 638 A.2d 753 (1994). A party cannot assert prejudicial error that the trial court failed to rule on a motion if the party fails to bring that motion to the trial judge's attention prior to the conclusion of trial. *Johnson v. State,* 44 Md.App. 515, 523, 411 A.2d 118 (1980); *White v. State,* 23 Md.App. 151, 156, 326 A.2d 219 (1974); *Saunders v. State,* 8 Md.App. 143, 146, 258 A.2d 776 (1969).

This rationale has a more compelling justification in the realm of arbitration because arbitration, more so than conventional litigation, is intended to resolve disputes expediently and with finality. *See Board of Educ. v. Prince George's County Educators' Ass'n,* 309 Md. 85, 98, 522 A.2d 931 (1987). We accordingly hold that parties waive their right to seek judicial clarification of arbitrators' awards if the parties fail first to petition arbitrators to clarify their awards pursuant to CJ § 3–222(c)(2).

## V.

Birkey makes several arguments why waiver is improper. A petition filed pursuant to § 3–222(c)(2), Birkey asserts, is unnecessary "because there is nothing unclear ... about the arbitrator's award...." We can quickly dispense with this argument without rehashing our prior reasoning; the arbitrator's award does not definitely include attorney's fees.

Birkey also argues that filing a petition to clarify under § 3–222 is not mandatory because the statute says, "A party may apply ..."; the statute does not say a party *shall* apply. CJ § 3–222(a). While this is true, it is also true that a party need not file a petition for clarification at all; a party need only seek clarification if the award is unclear. Our holding in this case is specific: a party waives the right to argue that an arbitrator's award is unclear if a party fails to file a petition for clarification. This does not make CJ § 3–222(c)(2) mandatory; it generally only precludes the party from raising the issue on appeal. Similarly, in actions at law, it is not mandatory that counsel file, for example, a motion to

dismiss. Counsel's failure to do so, however, waives her right to argue the issue on appeal. Our decision in this case allows arbitrators to articulate their findings in hopes of resolving the matter rather than resorting to unnecessary judicial review.

 Finally, Birkey contends a footnote in its Reply to Opposition to Petition to Vacate Arbitration Award is the equivalent of filing a petition under CJ § 3–222(c)(2). That footnote reads:

> If there is any doubt concerning how the arbitrator arrived at his award against Birkey, this Court should follow the procedure employed by the Court of Appeals of Georgia in *Hughes v. Peden* [*Hughes & Peden, Inc. v. Budd Contracting*, 193 Ga.App. 656], 338 [388] S.E.2d 753, 754 (Ga.App. 1989), and enter an order requiring the arbitrator to specify the constituent elements of his original award. . . .

Even if this Court were to find a footnote buried in a reply brief equated a petition requesting clarification of an arbitration award, the expiration of the twenty-day limitation imposed by CJ § 3–222(a) precluded a petition. That section reads:

> (a) *Application.* —— A party may apply to the arbitrators to modify or correct an award within 20 days after delivery of the award to the applicant.

The arbitrator's award was delivered to Birkey on 5 April 1995. Birkey's Petition to Vacate Arbitration Award was filed on 5 May 1995. Thus, Birkey is estopped from arguing that issue on appeal because it failed to raise this argument within twenty days.

## VI.

 Because we are unable to say conclusively that the arbitrator's award in this case included attorney's fees, one possible solution is to remand the case for clarification of the award. *See* Md. Rule 8–604(d). The effect of this disposition would allow a losing party at arbitration to have the best of both worlds. A losing party at arbitration could appeal the case and have the case remanded to clarify an award if it did

not win. It would give the losing party "one free shot," increase the cost, and lengthen the time before the dispute is resolved. We think this inapposite to the purpose of arbitration: to provide an informal, expeditious, and inexpensive alternative to litigation.

For these reasons, the trial court's confirmation of the arbitrator's award is affirmed.

**JUDGMENT AFFIRMED.**