810 A.2d 512

RTKL ASSOCIATES INC. et al.

v.

BALTIMORE COUNTY, Maryland.

No. 2194, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Nov. 4, 2002.

648

**650**

Kenneth D. Smith (John A. King and King & Attridge, on the brief), Rockville, for appellants.

Jeffrey G. Cook, Asst. County Atty. (Edward J. Gilliss, County Atty., on the brief), Towson, for appellee.

Argued before DAVIS, KENNEY and KRAUSER, JJ.

DAVIS, Judge.

Appellants RTKL Associates Inc. (RTKL) and Andrews, Miller & Associates, Inc. (Andrews Miller) appeal from a ruling dated December 5, 2001, wherein the Circuit Court for Baltimore County (Turnbull, J.) denied appellants' motion to compel arbitration in the lawsuit filed by appellee Baltimore County. Appellants timely noted their appeal and present for our review two questions, which we restate and reorder as follows:

I. Did the trial court err in refusing to grant appellants' motion to dismiss based upon a statute of limitations defense?

II. Did the trial court err in denying appellants' motion to compel arbitration?

Appellee, in turn, presents one question:

III. Is this appeal without substantial justification, thus warranting the imposition of attorneys' [sic] fees, costs and expenses?

We decline to reach the first issue presented by appellants because the order entered in the circuit court was not a final judgment and is not an immediately appealable interlocutory order. We answer the second question in the negative and, therefore, affirm the judgment of the trial court. Because the law is well settled that the determination of the trial court to compel arbitration, *vel non,* is immediately appealable, requiring the appellate court to determine in which forum the proceedings should take place, we answer appellee's question in the negative, concluding that the instant appeal is not without substantial justification.

## FACTUAL BACKGROUND

On December 11, 1995, RTKL submitted a proposal to appellee offering to perform architectural services for a nature center to be built called the Dundee–Saltpeter Environmental Park. Page thirteen of RTKL's proposal contained a statement that "RTKL's fees are based on the Detailed Scope of Services

and the Standard Form of Agreement Between Client and Architect 1987 Edition, [American Institute of Architects (AIA)] Document B-141." Article seven of AIA Document B-141 provides for mandatory binding arbitration of all disputes "arising out of or relating to this [a]greement or the breach thereof ...."

On April 9, 1996, appellee's project manager sent RTKL a written acceptance of the December proposal. The parties executed a final contract, which explicitly attached and included the December proposal. RTKL subsequently hired Andrews Miller to perform engineering services in conjunction with the contract.

Appellants completed work under the contract in 1998. In June 1999, a grading discrepancy occurred and appellee was informed that Andrews Miller had used "National Geodetic Vertical Datum 29" instead of the more modern "North American Vertical Datum 88." Consequently, on August 14, 2001, appellee filed suit against appellants in the Circuit Court for Baltimore County, alleging negligence and breach of contract. Appellants then filed a motion to compel arbitration, which the trial court denied on December 5, 2001. Appellants also filed a supplemental motion to dismiss, in which they asserted that the action was time barred. The trial court, although not explicitly ruling upon the issue, did not grant the motion to dismiss.

## LEGAL ANALYSIS

### I

Appellants contend that the trial court erred in not granting their motion to dismiss based upon their assertion that appellee's claims are time barred. Appellee argues that we may not address this issue because we do not have appellate jurisdiction. We agree and, therefore, we do not reach the merits of the statute of limitations argument.

Appellate jurisdiction, except as constitutionally authorized, "is determined entirely by statute ... therefore, a

right of appeal must be legislatively granted." *Kant v. Montgomery County,* 365 Md. 269, 273, 778 A.2d 384 (2001) (quoting *Gisriel v. Ocean City Elections Bd.,* 345 Md. 477, 485, 693 A.2d 757 (1997)). Maryland Code (1998 Repl.Vol.), Cts. & Jud. (C.J.) § 12–301 sets forth the general rule that only final judgments are appealable. *See Milburn v. Milburn,* 142 Md.App. 518, 522, 790 A.2d 744 (2002); *Seat Pleasant Baptist Church Bd. of Trustees v. Long,* 114 Md.App. 660, 669, 691 A.2d 721 (1997). An interlocutory order entered in a civil case, however, is immediately appealable if it falls within the limited category of exceptions codified in C.J. § 12–303 [1] or under the collateral order doctrine. *Gruber v. Gruber,* 369 Md. 540, 546, 801 A.2d 1013 (2002); *Philip Morris Inc. v. Angeletti,* 358 Md. 689, 713, 752 A.2d 200 (2000).

In the case *sub judice,* the trial court did not specifically rule upon the statute of limitations issue because its ruling simply denied appellants' motion to compel arbitration and request for hearing. Assuming, *arguendo,* that the trial court's ruling can be construed as the disposition of a general motion to dismiss and that it encompasses a rejection of appellants' statute of limitations defense, there is still no final judgment. A judgment is deemed final if it possesses three attributes:

> (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court properly acts pursuant to Md. Rule 2–602(b), it must adjudicate or complete the adjudication of all claims against all parties, and (3) the clerk must make a proper record of it in accordance with Md. Rule 2–601.

*Milburn,* 142 Md.App. at 523–24, 790 A.2d 744 (quoting *Stephenson v. Goins,* 99 Md.App. 220, 223, 636 A.2d 481 (1994)).

---

1. Additionally, the Court of Appeals has held that the following interlocutory orders are immediately appealable: (1) a denial of a motion to dismiss on the basis of double jeopardy, *Neal v. State,* 272 Md. 323, 326, 322 A.2d 887 (1974), and (2) an order that exceeds the jurisdiction of the trial court, *Gottschalk v. Mercantile Trust Co.,* 102 Md. 521, 522, 62 A. 810 (1906).

The order at issue does not satisfy the first element of the test because the trial court's intention was clearly not that its ruling be an unqualified, final disposition of the matter in controversy. Therefore, the order did not constitute a final judgment.

Nor is the trial court's ruling an immediately appealable interlocutory order. "Where a judgment is not so final as to either preclude a party from fully defending his [or her] interests in the pending law suit or conclude the question of liability, the judgment is considered interlocutory and normally nonappealable unless it falls within those exceptions specifically enumerated in [C.J. § 12–303]." *Redemptorists v. Coulthard Servs., Inc.*, 145 Md.App. 116, 159, 801 A.2d 1104 (2002) (quoting *Breuer v. Flynn*, 64 Md.App. 409, 414, 496 A.2d 695 (1985)). The order appealed does not fall within the category of interlocutory orders from which an immediate appeal may be maintained and, consequently, the appeal must be dismissed unless it meets the requirements of the collateral order doctrine.

The collateral order doctrine permits the appeal of an otherwise nonappealable order as long as the order meets the following four requirements: it must "(1) conclusively determine the disputed question, (2) resolve an important issue, (3) be completely separate from the merits of the action, and (4) be effectively unreviewable on appeal from a final judgment." *Milburn*, 142 Md.App. at 525, 790 A.2d 744 (quoting *Baltimore Police v. Cherkes*, 140 Md.App. 282, 298, 780 A.2d 410 (2001)). We need not consider the applicability of the first three requirements because the challenged order clearly fails to satisfy the fourth requirement. Once the trial court issues a final judgment, we can review the statute of limitations argument, as evidenced by prior appellate review in Maryland of statute of limitations questions. *See, e.g., Lumsden v. Design Tech. Builders, Inc.*, 358 Md. 435, 749 A.2d 796 (2000)(opining that the circuit court appropriately ruled that the petitioner's claims were time barred); *Hilliard & Bartko Joint Venture v. Fedco Sys., Inc.*, 309 Md. 147, 522

A.2d 961 (1987)(analyzing when the statute of limitations period began to run in a building construction case); *Decker v. Fink,* 47 Md.App. 202, 422 A.2d 389 (1980)(stating that the trial court is "the factfinder [sic] for purposes of determining the applicability of the statute of limitations" and its finding will not be set aside in the absence of clear error), *cert. denied,* 289 Md. 735 (1981). Thus, appellants must wait until after final judgment to appeal an adverse ruling on this issue.

## II

Appellants further contend that an arbitration agreement existed between the parties and, therefore, it was error for the trial court to deny their motion to compel arbitration. Unlike appellants' statute of limitations argument, we are permitted to address the merits of their arbitration issue. We recently held in *NRT Mid–Atlantic, Inc. v. Innovative Properties, Inc.,* 144 Md.App. 263, 277, 797 A.2d 824 (2002), that a trial court's order either compelling or denying arbitration is a final judgment under C.J. § 12–301.

The Court of Appeals explained the rationale of permitting an immediate appeal from a decision to compel or deny arbitration in *Town of Chesapeake Beach v. Pessoa Construction Co., Inc.,* 330 Md. 744, 757–58, 625 A.2d 1014 (1993):

> Although the law looks with favor upon arbitration as a method of dispute resolution, it does not look with favor upon sending parties to arbitration when there is no agreement to arbitrate. *A legitimate issue concerning the existence of an agreement to arbitrate should be raised as a preliminary matter so that the courts may place the parties on the correct track for the resolution of their dispute, without unnecessary delay and expense.* A party availing itself of the opportunity to have the court make that threshold determination should not do so at the risk of losing any right of appellate review of that decision.
>
> . . .

We conclude, therefore, that the order of the Circuit Court for Calvert County denying the Town's petition for

stay of arbitration was immediately appealable, and that the case must be remanded to the Court of Special Appeals for consideration of the issues raised by that appeal.

(Emphasis added.)

According to appellants, the parties' incorporation of the December proposal into the contract indicates an understanding that the inclusion brought with it the AIA Document B–141 arbitration provision.

Additionally, appellants place great emphasis upon the fact that appellee crossed out the "Disputes" clause on appellee's form agreement, which served as the contract between RTKL and appellee. Appellants argue that deleting the "Disputes" provision, which provides for binding arbitration by the County Attorney, eliminated any possibility of confusion and left article seven of AIA Document B–141 as the governing dispute resolution provision.

Arbitration provides "an informal, expeditious, and inexpensive alternative to conventional litigation," and is, consequently, favored and encouraged. *Birkey Design Group, Inc. v. Egle Nursing Home, Inc.*, 113 Md.App. 261, 265, 687 A.2d 256 (1997). A dispute is resolved through arbitration only if the parties have *"voluntarily agree[d] to substitute a private tribunal for the public tribunal otherwise available to them." Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. Partnership*, 346 Md. 122, 127, 695 A.2d 153 (1997)(alteration in original)(quoting *Curtis G. Testerman Co. v. Buck*, 340 Md. 569, 579, 667 A.2d 649 (1995)). Consequently, the Maryland Uniform Arbitration Act [2] "strictly confines the function of the [trial] court in suits to compel arbitration to the resolution of a single issue: is there an agreement to arbitrate the subject matter of the dispute[?]" *Bel Pre Med. Ctr., Inc. v. Frederick Contractors, Inc.*, 21 Md.App. 307, 320, 320 A.2d 558 (1974).

---

2. Courts and Judicial Proceedings §§ 3–201 through 3–234 sets forth the provisions of the Maryland Uniform Arbitration Act.

Whether an arbitration agreement exists is a legal question of contract interpretation. *NRT Mid–Atlantic, Inc.,* 144 Md.App. at 279, 797 A.2d 824; *Soc'y of Am. Foresters v. Renewable Natural Res. Found.,* 114 Md.App. 224, 234, 689 A.2d 662 (1997). Although the specific contract language is the principal source for ascertaining the parties' intentions, " 'the true test of what is meant is ... what a reasonable person in the position of the parties would have thought' the contract meant." *Soc'y of Am. Foresters,* 114 Md.App. at 234–35, 689 A.2d 662 (quoting *Gen. Motors Acceptance Corp. v. Daniels,* 303 Md. 254, 261, 492 A.2d 1306 (1985)).

Whether there was an agreement to arbitrate the controversy that has arisen is a question of law that we review *de novo.* The contract provision reads as follows: "RTKL fees are based upon the Detailed Scope of Services and the Standard Form of Agreement between Client and Architect 1987 Edition, AIA Document B–141. All Client[-]generated contracts will require review and acceptance by RTKL's legal counsel before any work may proceed." Although the provision specifically refers to "fees," a more reasonable reading of the provision in the context of the proposal is that the bid is submitted contemplating the utilization of AIA Document B–141 and that a different "Client-generated" contract format must be accepted by appellant based on its counsel's review and recommendation. In this case, appellee used, and appellants accepted, a different contract format, attaching as an appendix and making it a part of the contract under the heading "Scope of Work" appellants' thirteen-page bid proposal. Nine of the pages are expressly directed to RTKL's understanding of the project and a detailed scope of services.

The dispute provisions of appellee's form Agreement for Engineering Services and the AIA document are quite different in scope and approach. The essence of RTKL's contention is that, by striking and initialing the dispute resolution provision of the "Client-generated" contract, a reasonable person in the position of the parties would understand that he or she

had implicitly agreed to the arbitration provisions of AIA Document B–141. We are not persuaded.

Our review of the contract in its entirety reveals that language has been inserted where other provisions of the contract have been stricken and modified. Under such circumstances, the intentional deletion of the dispute resolution clause, with nothing more, would indicate to a reasonable person that the parties did not reach an agreement to arbitrate disputes that may arise.

## III

Appellee asks that we impose sanctions upon appellants, asserting that the appeal was filed without substantial justification. Maryland Rule 1–341 states:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceedings was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

Rule 1–341 should be used sparingly because granting an award of attorney's fees under it is an extraordinary remedy. *Seney v. Seney,* 97 Md.App. 544, 549, 631 A.2d 139 (1993).

In analyzing whether a party lacked substantial justification in filing its claim, we must determine "whether [the offending attorney or party] had a *reasonable basis* for believing that the claims would generate an issue of fact . . . ." *Inlet Assocs. v. Harrison Inn Inlet, Inc.,* 324 Md. 254, 268, 596 A.2d 1049 (1991)(emphasis added). Furthermore, a party acts in bad faith when it acts "vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons." *Id.* at 268, 596 A.2d 1049. Citing *NRT Mid–Atlantic, Inc., supra,* for the proposition that "the court must find reliable evidence from the language actually employed in the contract that the parties intended the disputed issue to be

the subject of arbitration," appellee's counsel concludes that this "whole appeal turns on principles of reading comprehension; it is incomprehensible that arbitration was called for." Although our decision herein has been rendered in appellee's favor, the fact that appellants fail to prevail on this appeal does not warrant appellee's dismissive approach. On this record, we are not prepared to say that appellants have acted vexatiously or for the purpose of harassment or unreasonable delay, or for other improper reasons. We are not convinced that appellants acted improperly or that they unreasonably believed that their claim was meritorious. Consequently, we decline to impose sanctions.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**